ᴋDERED in the Southern District of Florida on 01/22/09



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                               Case No.: 07-15650-BKC-RBR
                                                     Chapter 7
ARIZEN HOMES, INC.,

         Debtor.
_____/

SONEET R. KAPILA,                                    ADV CASE NO.: 08-01639-RBR
TRUSTEE,

         Plaintiff,
vs.

TIMOTHY C. ARNEL, KELLY WADE-ARNEL,
and ARNEL ARIZEN LLC

         Defendants.
_____/

### ORDER AND MEMORANDUM DECISION DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

This cause came before the Court on December 30, 2008, upon Defendants Timothy C. Arnel, Kelly Wade-Arnel and Arnel Arizen, LLC's Motion to Dismiss Plaintiff's Complaint, or

14378226.3

Alternatively, Motion for More Definite Statement with Incorporated Memorandum of Law (the "Dismissal Motion") (D.E. 12), filed by Defendants Timothy C. Arnel, Kelly Wade-Arnel and Arnel Arizen, LLC ("Defendants"). Plaintiff Soneet R. Kapila, Trustee ("Trustee"), filed Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement (the "Trustee's Response") (D.E. 18) on December 19, 2008. This Court, having considered the Dismissal Motion and the Trustee's Response, and having heard and considered the arguments of counsel for the Defendants and for the Trustee, and otherwise being fully advised in the premises, good cause having been shown and proper notice given, makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## I. **FINDINGS OF FACT**

1. This Chapter 7 case was commenced on July 19, 2007, with the filing of a voluntary petition for relief under Title 11, United States Code.

2. Trustee is the Chapter 7 trustee of the Chapter 7 bankruptcy estate of Arizen Homes, Inc. ("Debtor").

3. Defendants seek to dismiss Counts I through VII of the Trustee's Complaint to Avoid and Recover Fraudulent and Preferential Transfers (the "Complaint") (D.E. 1) on the theory that Counts I though VI fail to state a cause of action for which relief can be granted as they do not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and, due to such infirmity, Defendants further contend that Count VII of the Complaint is ineffectual and must be dismissed as well.

4. Defendants contested the veracity of ¶ 12 of the Complaint and attached an exhibit which purportedly conflicts with said ¶ 12. Dismissal Motion p. 7, footnote 1 and Exhibit "A."

5. The allegations contained in the Trustee's Complaint specified the following: (i) the relationship of the Defendants to the Debtor and the fact that all of the Defendants were insiders of the Debtor (Complaint ¶¶ 8-9), (ii) the nature of the Debtor's transactions with Defendants which constituted the alleged fraudulent transfers (Complaint ¶¶ 10-15), (iii) the amounts paid by the Debtor to the Defendants (Complaint ¶¶ 13, 17, 18, 24, 25, 26 and 34), (iv) the time periods when such amounts were paid by the Debtor to the Defendants (Complaint ¶¶ 13, 14, 17, 18, 24, 25, 26 and 34), (v) the specific mechanics of the Lot Transfer Payments (Complaint ¶ 12), (vi) the fact that certain allegations of the Complaint are based upon an analysis of the Debtor's accounting records by the Trustee (Complaint ¶ 14), (vii) the fact that the Debtor was undercapitalized (Complaint ¶¶ 10, 19, 22, 28, 31 and 35), and (viii) the statutory indicia of intent as they related to the relationship between the Defendants and the Debtor and the conduct of the respective parties (Complaint ¶¶ 19, 21, 22, 28 and 31).

## II. CONCLUSIONS OF LAW

A.  **Standard On Motion to Dismiss**

A complaint should only be dismissed for failure to state a claim under Rule 12(b)(6) if no set of facts could be proven that would support a claim for relief. Frazier v. Alexandre, 434 F. Supp. 2d 1350, 1357 (S.D. Fla. 2006), citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). In considering a motion to dismiss, a court should accept all well-pleaded allegations as true and view the motion in the light most favorable to the non-moving party. Frazier, 434 F. Supp. 2d at 1357. A court's function on a motion to dismiss

is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). "To determine whether the complaint contains sufficient factual allegations, courts must look only at the complaint and the supporting documents submitted with the complaint." In re Reliance Financial & Investment Group, Inc., 2006 WL 3663243 (S.D.Fla. 2006), citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Defendants' Dismissal Motion went outside of the four corners of the Complaint by contesting the veracity of ¶ 12 of the Complaint and attaching an exhibit which purportedly conflicts with said ¶ 12. Dismissal Motion p. 7, footnote 1 and Exhibit "A." Since this Court can only consider the facts as alleged in the Complaint, Defendants' argument concerning the alleged conflict between the Complaint and Exhibit "A" to the Dismissal Motion is improper on a motion to dismiss and, as such, is disregarded. As will be discussed in Section C, below, the Trustee has met his pleading requirement, the Trustee's complaint is otherwise legally sufficient and, as such, the Dismissal Motion is without merit and is denied in its entirety.

**B.    The Rule 9(b) Special Pleading Requirement Is Relaxed For Bankruptcy Trustees.**

The Court rejects the Defendants' argument that Counts I through VI of the Complaint should be dismissed as the Trustee failed to plead with sufficient particularity to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure concerning allegations of fraud. "Flexibility in the application of the particularity requirement of [Rule 9] has been recognized as being particularly appropriate in the context of fraud claims brought by a statutory trustee in bankruptcy." In Re Sverica Acquisition Corp., 179 B.R. 457, 463 (Bankr.E.D.Pa. 1995). In Profilet v. Cambridge Financial Corp., 231 B.R. 373 (S.D.Fla. 1999), the Court held that "courts should relax the specificity requirements where the plaintiff is a trustee in bankruptcy." Profilet, 231 B.R. at 379. Such flexibility afforded to trustees in

bankruptcy with respect to the pleading requirements is appropriate "[g]iven the inevitable lack of knowledge concerning the acts of fraud previously committed against the debtor, a third party …". Profilet, 231 B.R. at 379, quoting Sverica, 179 B.R. at 463.

The Court further rejects the Defendants' argument that the particularity requirement of Rule 9(b) should not be relaxed and, by implication that Profilet is not applicable here "…because the Trustee has direct knowledge of the alleged fraudulent transfers, especially if the Trustee is able to include the total amounts of the purported transfers he seeks to void and recover from the Defendants." (Dismissal Motion p. 7). The Defendants cite no authority for Defendants' assertion that the relaxed pleading requirement confirmed in Profilet should not apply where, as here, a bankruptcy trustee has some detailed information regarding the transactions underlying the alleged fraud. Notwithstanding his possession of some detailed information regarding the Debtor's relationship and transactions with the Defendants, the Trustee here is still a third party outsider to such relationship and such transactions and, accordingly, the rationale of Profilet is equally applicable to the Trustee here.

In addition to Profilet, the Defendants cited three other cases in Section II of the Dismissal Motion to support Defendants' position that the Trustee's Complaint was not pleaded with adequate particularity. Two of those cases, Ziemba v. Cascade International, Inc., 256 F. 3d 1194 (11th Cir. 2001), and Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F. 3d 1364 (11th Cir. 1997) are distinguishable because the complaints analyzed by the court in those cases concerned non-bankruptcy civil fraud and, as discussed above, the trustee in a bankruptcy case is subject to a less stringent pleading requirement than in the non-bankruptcy civil fraud context. The third case cited by Defendants in Section II of the Dismissal Motion, In re Servico, Inc., 144 B.R. 557 (Bankr.S.D.Fla. 1992), is cited to support the proposition that "[t]he complaint must identify the circumstances constituting fraud so that the defendant can prepare an adequate

response to the allegations." Dismissal Motion p. 5.  As will be discussed in Section C, below, the Trustee has met this requirement.

Moreover, with respect to claims of constructive fraudulent transfers, such as those contained in Counts II and IV of the Trustee's Complaint, as opposed to actual fraudulent transfers, the authorities indicate that the Rule 9(b) requirement to plead fraud with particularity is at least relaxed, and at best is inapplicable altogether.  "When a plaintiff pleads a constructive fraud claim, such as a claim to avoid and recover fraudulent transfers under 11 U.S.C. § 548(a)(2), which does not require proof of fraudulent intent, the requirements of pleading fraud with particularity are relaxed." In Re Art & Co., Inc., 179 B.R. 757, 763 (Bankr.D.Mass 1995). It has further been held that claims of constructive fraud "...whereby certain transactions are fraudulent as a matter of law because of when and for what consideration they were made, and not because they were undertaken with fraudulent intent...is not the kind of fraud to which Rule 9(b) applies." Eclaire Advisor Ltd. v. Daewoo Engineering & Construction Co., Ltd., 375 F. Supp.2d 257, 268 (S.D.N.Y. 2005).  In Eclaire, the Court held that, with respect to state law constructive fraud claims, "a claimant must comply only with the more liberal pleading requirements of Rule 8," and that the plaintiff "met the bare-bones pleading requirements of [Rule 8] by alleging the basic elements of each statute". Eclaire, 375 F. Supp.2d at 268.

C. **The Trustee's Allegations Are Sufficient**

The allegations contained in the Complaint, especially when viewed in the context of the relaxed pleading requirements applicable to a bankruptcy trustee, are more than sufficient as they provide the Defendants a reasonable opportunity to answer and adequate information to frame a response.  "A pleading satisfies the particularity requirement if the person charged with fraud will have a reasonable opportunity to answer the complaint and adequate information to frame a

response…or if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Servico, 144 B.R. at 559, quoting Zuckerman v. Franz, 573 F. Supp. 351 (S.D.Fla. 1983) and Deutsch v. Flannery, 823 F. 2d 1361, 1365 (9th Cir. 1987) (internal quotations omitted). The Trustee has met these requirements in his Complaint.

D.  **Rule 9(b) Is Not Applicable To Counts V and VI Of The Complaint.**

The Court rejects the Defendants' argument that Counts V and VI of the Complaint should be dismissed based upon the Trustee's alleged failure to plead with sufficient particularity to meet the requirements of Section 9(b) of the Federal Rules of Civil Procedure. Counts V and VI of the Complaint (which state a claim under 11 U.S.C. § 547 and Fla. Stat. § 726.106(2), respectively) do not allege fraud or fraudulent conveyances and, accordingly, Rule 9(b) is inapplicable to Counts V and VI. In re The King's Place, Inc., 6 B.R. 305, 308 (Bankr.E.D.Pa. 1980) ("…Fed.R.Civ.P. 9(b) is inapplicable to [a preference allegation] for the reason that the particularity requirement of rule 9(b) pertains to fraud or mistake, neither of which need be pleaded in an action to recover preferential transfers under [§] 547."). As Rule 9(b) is inapplicable, Counts V and VI need only meet the notice pleading requirement of Rule 8, and are therefore sufficient.

E.  **Defendants Are Not Entitled To A More Definite Statement.**

Finally, the Court finds that the Defendants are not entitled to a more definite statement. "A motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Campbell v. Miller, 836 F.Supp. 827, 832 (M.D.Fla. 1993). A motion for a more definite statement is "intended to provide a remedy for an unintelligible

pleading, rather than a vehicle for obtaining greater detail." <u>Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership</u>, 941 F.Supp 1189, 1195 (S.D.Fla. 1996). As discussed in Section C above, the allegations in the Complaint are neither so vague and ambiguous as to deprive the Defendants of fair notice of the nature and basis of Trustee's claim, nor is the Complaint an unintelligible pleading. As such, Defendants' request for a more definite statement is denied.

### ORDER

Based on the findings of fact and conclusions of law set forth above, it is Ordered and Adjudged as follows:

1. The Defendants' Dismissal Motion is hereby denied in its entirety, and;

2. Defendants shall file an answer to the Trustee's Complaint to Avoid and Recover Fraudulent and Preferential Transfers (D.E. 1) within ten (10) day of the date of this Order.

###

Conformed copies to:
Soneet R. Kapila, Trustee
Mark R. Osherow, Esq.
Robert N. Gilbert, Esq. *(Attorney Gilbert is to serve a copy of this Memorandum Decision on all parties served with the Dismissal Motion and file a certificate of service.)*